[No. 10754.  Department Two.  October 8, 1913.]

JOHN H. MULLER *et al.*, *Appellants*, v. GREAT NORTHERN
RAILWAY COMPANY, *Respondent*.[1]

MUNICIPAL CORPORATIONS—STREETS — GRADES — DAMAGES TO ABUT-
TING PROPERTY—LIABILITY OF RAILROAD COMPANY. In an action against
a railroad company for damages to abutting property by the original
grading of streets to meet approaches to an overhead railway cross-
ing at street intersections, evidence that a cut of thirteen feet was
made in the street, when a cut of not to exceed five feet was all
that would have been required to accommodate the interests of the
people and travel at the point in question, and that the city council
required the railroad company to grade the approaches as a condi-
tion of closing other streets, is inadmissible; since it did not tend to
prove that the natural surface of the street had been reduced to the
grade line for the first time established for any other purpose than
in the course of its normal and ordinary improvement for street pur-
poses, taking into consideration the connecting streets and the needs
of the community served; and the fact that the city council re-
quired the railroad company to grade the streets, as a condition to
its closing other streets, would not prove that the street was not im-
proved in its normal and ordinary manner for street purposes.

Appeal from a judgment of the superior court for Spokane
county, Huneke, J., entered June 29, 1912, in favor of the de-
fendant, upon granting a nonsuit in an action for damages to
abutting property by the construction of street grades.
Affirmed.

*Roche & Onstine* and *Herman A. Schmeer*, for appellants.

*Cannon, Ferris & Swan* and *Charles S. Albert*, for respond-
ent.

MAIN, J.—This is an action for damages.  On December
14, 1909, the plaintiffs were the owners of approximately the
east two-thirds of block 48, in West Grove addition to the
city of Spokane.  This block is bounded on the north by
Fifth avenue, on the east by "F" street, and on the south by

[1]Reported in 135 Pac. 631.

Sixth avenue. Seventh and Eighth avenues are further south, and run parallel with Sixth avenue.

Some years prior to the date above mentioned, West Grove addition had been platted into blocks and lots, and the streets dedicated to the public. On December 14, 1909, the city of Spokane granted to the defendant, the Great Northern Railway Company, the right to construct, maintain, and operate a railroad through the city which would pass through West Grove addition. The right of way as established crossed from a northwesterly to a southeasterly direction the intersection of Fifth avenue and "F" street. No part of the plaintiffs' property has been taken. In the ordinance granting a franchise to the railway company, it was provided that the company's tracks at the intersection of Fifth avenue and "F" street should be 35 feet below the then natural surface of the ground at that point; that the railway company, at its own cost and expense, should erect an overhead crossing at this point and grade the approaches thereto; that the grade of the approaches should not be heavier than ten per cent; that the railway company should construct from Fifth avenue in a southeasterly direction parallel with its right of way and on the east side thereof, fifty feet distant, a street extending to Sixth avenue. Sixth, Seventh, and Eighth avenues where the railroad crossed were closed to street traffic, and the railway company was required to elevate the sidewalks.

In pursuance of the requirements of this ordinance, the railway company, at the intersection of Fifth avenue and "F" street, erected a bridge and graded the approaches thereto. At the northwest corner of plaintiffs' property, there was a cut of two feet; at the northeast corner, or the intersection, thirteen feet; and at the southeast corner, one foot. On January 31, 1911, the city council of the city of Spokane passed an ordinance establishing the grades of Fifth avenue and "F" street, to which the present grades of these streets conform. Prior to this time the grades had at no time been established.

This was the establishment of the original grade. Subsequent to the construction of the railroad track, trains were operated thereover by the defendant Spokane, Portland & Seattle Railway Company.

The present action was brought for the purpose of recovering damages on account of the grades of the streets upon which the plaintiffs' property abuts; and also as incident to the operation of railway trains through the intersection of the streets in question. No claim was made against the Great Northern Railway Company for damages incident to the operation of the trains; but it was claimed that this company was liable on account of the grading of the streets, which it was required to do under its franchise.

On the trial, the plaintiffs offered evidence to prove that, to accommodate the interests of the people and the travel in and around block 48, the grading of Fifth avenue and "F" street would not have required a cut to exceed five feet at the intersection; and, also, that the railway company was required by the city council, as a condition to its being permitted to close Sixth, Seventh and Eighth avenues to vehicle traffic, to grade the approaches of Fifth avenue and "F" street to the bridge erected over the railroad tracks at the intersection. To this, objection was interposed and sustained. The plaintiffs having no other evidence to support their claim against the Great Northern Railway Company, a nonsuit was granted as to that defendant. The cause proceeded before the court and the jury as to the other defendant, Spokane, Portland & Seattle Railway Company, and a verdict was returned in favor of the railway company, upon which judgment was entered. No appeal has been taken therefrom. The appeal in this case is from the judgment of nonsuit as to the defendant Great Northern Railway Company. The sole question to be determined is the correctness of the ruling of the trial court in sustaining objections to the offered testimony.

In *Ettor v. Tacoma,* 57 Wash. 50, 106 Pac. 478, 107 Pac. 1061, it was held, that the abutting property owner had no right to maintain an action for damages on account of reducing the natural surface of the street in the course of its normal and ordinary improvement for street purposes to a grade line for the first time established. Under the rule of that case, the offered testimony was inadmissible. It did not show, or tend to show, that the natural surface of the street had been reduced to the grade line for the first time established for any other purpose than in the course of its normal and ordinary improvement for street purposes. What the necessary cut would have been in order to have accommodated the people traveling in and around block 48, is not the test to determine whether the surface of the street was brought to the grade line first established in the course of its normal and ordinary improvement for street purposes. To determine whether it was a normal and ordinary improvement for street purposes, it is necessary to take into consideration the connecting streets and the needs of the community served thereby. The fact, if it were a fact, that the city council required the railway company to grade the particular streets in question here, as a condition to its closing certain other streets, would not establish that the street was not improved in its normal and ordinary manner for street purposes. Neither does the offered evidence tend to show that the grade fixed was of any special benefit to the railway company. Whether the grades were established by ordinance before or after the cut, could make no difference. The cut was made as required by the franchise ordinance, which specified that the grade of the approaches to the bridge at the intersection of the two streets in question should not be greater than ten per cent.

The judgment will be affirmed.

CROW, C. J., ELLIS, and MORRIS, JJ., concur.